# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN TANNER HANSEN, individually; CLARK LEFEVRE, individually, and as parent of CRAIG LEFEVRE,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation; and MARK SCHEPPMANN; DOES 1-10, and ROE CORPORATIONS 1-10, inclusive,<br><br>Defendants. | Case No. 2:10-CV-01434-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Plaintiffs' Motion to Remand (#4). Defendants filed a response in opposition (#6) to which Plaintiffs replied.

I. Facts and Procedural History

The case arises from a dispute between Plaintiffs, as tort claim assignees of Ernest Sunderlin Aguilar and Ernest Brad Aguilar (father and son, hereinafter collectively referred to as "the Aguilars"), and Defendants, State Farm Mutual Automobile Insurance and Fire and Casualty

Company ("State Farm") and agent Mark Scheppmann. The dispute between the Aguilars and Defendants arose over coverage for acts of Ernest Brad Aguilar which became the subject of an underlying action in Clark County District Court, Case No. A497445, Hansen v. 311 Boyz, et al. The general allegations of that action are that Plaintiffs Hansen and Lefevre were physically injured in Lefevere's truck while trying to leave a party being held at a home in the Las Vegas, Nevada area. The Aguilar vehicle, driven by Brad Aguilar, pursued Plaintiffs and struck Plaintiffs' vehicle from behind. Plaintiffs sued the Aguilars and the action was settled. As part of the settlement agreement, the Aguilars assigned all of their claims and rights against State Farm and agent Mark Scheppman to Plaintiffs.

On August 26, 2009, Plaintiffs filed their initial complaint against State Farm and Mark Scheppman as Clark County District Court Case No. A 597966. On July 20, 2010, Scheppman filed a motion for summary judgment. The state court granted summary judgment in favor of Scheppman, finding Plaintiffs failed to state a claim against him individually. On August 24, 2010, Defendants removed this action to United States District Court. On September 9, 2010, Plaintiffs filed the instant motion to remand, arguing Defendant Mark Scheppmann was not properly dismissed from the action by the state court and is a non-diverse party, destroying diversity.

II. Legal Standard

When diversity is the basis for removal, as in this case, complete diversity must exist at the time the action was filed in state court and the time when removal to federal court was made. See Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131-32 (9th Cir. 2002). "Courts have imposed the 'voluntary/involuntary' rule, under which an action not initially removable must remain in state court unless a 'voluntary act' of the plaintiff brings about a change that renders the case removable." Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 993 (D. Nev. 2005). However, if it can be shown that a non-diverse party was fraudulently joined, dismissal may be granted. Fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" Ritchey v. Upjohn

1  Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1998).  The burden is on the moving party to
2  overcome the presumption against fraudulent joinder through clear and convincing evidence.  See
3  Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  The court may
4  consider summary judgment type evidence such as affidavits and deposition testimony.  See Morris
5  v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001).

6  III. Analysis

7      Even if the state court dismissal was "involuntary," Defendants have shown that there was
8  no legitimate cause of action against Scheppmann.  Upon review of the declarations, the deposition
9  of Scheppmann and court transcripts it is clear that Scheppmann was fraudulently joined.  Plaintiffs
10 have failed to adduce substantive evidence that Scheppmann was anything more than the agent of
11 State Farm.  Defendants have clearly and convincingly demonstrated that the Plaintiffs have failed to
12 state a cause of action against Scheppmann.  Therefore, Scheppmann was fraudulently joined and
13 removal was proper.  However, it can be argued that Plaintiff voluntarily dismissed Scheppmann.
14 Plaintiff consented to the summary judgment ruling imposed by the state court per the court
15 transcript.  See Errata to Statement Regarding Removed Action, Doc. No. 11-11, p. 89-92 (Plaintiff
16 consents to granting the motion for summary judgment without prejudice).

17     Plaintiffs argue that the state court never dismissed Scheppmann.  However, the record from
18 state court clearly shows that the court granted summary judgment and dismissed Scheppmann
19 without prejudice.  See King v. Kayak Manuf. Corp., 688 F. Supp. 227, 229 (4th Cir. 1988) (allowing
20 removal on an oral ruling by a judge that a non-diverse defendant was no longer a party to the case).

21 IV. Conclusion

22     Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand to State Court
23 (#4) is **DENIED.**

24     DATED this 13TH day of May 2011.

25                                               _____
                                                 Kent J. Dawson
26                                               United States District Judge