UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN TANNER HANSEN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 2:10-cv-01434-MMD-RJJ<br><br>REQUEST FOR SUPPLEMENTAL BRIEFING<br><br>(State Farm Auto's Motion for Summary Judgment – dkt. no. 40) |

    Plaintiffs, assignees of Ernest and Brad Aguilars' auto insurance policy with Defendant State Farm Auto, seek damages for breach of contract and related claims against the insurance company. State Farm Auto moves for summary judgment on all claims, arguing that the assignment of rights was not valid under the insurance contract. (Dkt. no. 40.) Plaintiffs appear to argue that State Farm Auto breached the terms of the insurance contract by not properly defending the Aguilars in the state court action, and that because of this material breach of the insurance contract, State Farm Auto cannot use the terms of the contract as an affirmative defense. That is, even if the Aguilars breached the contract by wrongfully settling and assigning its rights against State Farm Auto to Plaintiffs, State Farm Auto materially breached the insurance contract prior to this wrongful assignment of rights by not providing the Aguilars with an adequate defense.

One argument lodged by Plaintiffs regarding State Farm Auto's breach concerns the requirements of *San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 162 Cal. App. 3d 358 (1984). That case held that an insurer is required to provide independent counsel for its insured when a conflict between the two arises. The Court now requests supplemental briefing on this matter, as described below.

GOOD CAUSE SHOWING, the parties are hereby ordered to provide supplemental briefing regarding the following:

(1) the applicability of *San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 162 Cal. App. 3d 358 (1984) to the <u>facts</u> of this case, addressing:

    a. whether not providing *Cumis* counsel, if required, would constitute a breach of the auto insurance contract;

    b. the impact of Defendant's reservation of rights on any potential *Cumis* claim (for example, did the reservation of rights create a conflict of interest under *Cumis* and its progeny?);

(2) whether Nevada courts presently apply the *Cumis* requirement to insurance cases in light of the holdings in *Commercial Standard Ins. Co. v. Tab Constr., Inc.*, 583 P.2d 449, 451 (Nev.1978) and *Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court ex. rel.*, 152 P.3d 737, 742-43 (Nev. 2007), as well as other relevant cases;

(3) if Nevada courts do impose a *Cumis* requirement, what impact this has on the resolution of Defendant's Motion for Summary Judgment (dkt. no. 40).

IT IS THEREFORE ORDERED that the parties submit supplemental briefing as described above. Defendant shall file its supplemental brief no later than Wednesday, October 31, 2012. Plaintiffs shall file its supplemental brief in response no later than Wednesday, November 7, 2012. The respective supplemental papers must not exceed ten (10) pages.

DATED THIS 23rd day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE