# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HANSEN, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:10-cv-001434-MMD-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

On December 21, 2012, United States District Judge Du referred this matter to the undersigned Magistrate Judge for a settlement conference. Docket No. 179. Pursuant to that order, on January 8, 2013, this Court scheduled a settlement conference to be held on January 25, 2013. Docket No. 182. The Settlement Conference was held as scheduled on January 25, 2013, and, at the request of the Plaintiffs, was continued to March 6, 2013, for additional settlement discussions. Docket No. 188.

On March 6, 2013, Plaintiff Tanner Hansen and Counsel Jerome Bowen arrived at the settlement conference aware that the settlement discussions would be unproductive, prompting the Court to order them to show cause why they should not be sanctioned pursuant to Fed. R. Civ. P. Rule 16(f), the Court's inherent authority, and/or Local Rule IA 4-1. Docket No. 192. The Court has now received and reviewed their response. Docket No. 198. For the reasons discussed below, the Court hereby **DISCHARGES** the order to show cause as to Plaintiffs Tanner Hansen and Clark LaFevre and **SANCTIONS** Mr. Bowen personally in the amount of reasonable fees, relating to the March 6, 2013, settlement conference, incurred by Defendant. ...

**BACKGROUND**

Court-ordered settlement conferences provide an important vehicle for the parties to attempt to resolve their dispute short of trial. This Court expends significant time preparing for and conducting them, and considers them a crucial part of the judicial process. Thus, parties are required to attend settlement conferences prepared to participate in good faith. As such, if a party has no intention of settling, and therefore cannot participate in settlement discussions in good faith, they have an obligation to inform the Court as soon as practically possible.

Plaintiff Tanner Hansen and Counsel Mr. Bowen failed to comply with this requirement. At the January 25, 2013, settlement conference, Hansen stated he needed additional time to talk to his family and determine whether he would accept a certain settlement amount. In order to allow Hansen this opportunity, the Court continued the settlement conference to March 6, 2013. Within the first few moments of the March 6, 2013, settlement conference Hansen made clear he was not intereted in accepting the amount and that he had decided to go "all or nothing." Indeed, he apologized to the Court for potentially wasting its time.

Additionally, Mr. Bowen had filed a motion in the corresponding state court case on March 5, 2013, which made settlement of this case impossible. No one was served with this motion before the beginning of the settlement conference. Further, Defendants and Bowen agree that the determination of Mr. Bowen's state-court motion could render this entire case moot.

The Plaintiffs and Mr. Bowen failed to comply with other settlement requirements as well. First, Plaintiff Clark LaFavre failed to attend either settlement conference with little to no notice to the Court. Second, Mr. Bowen misrepresented that Ernie Aguilar would attend the settlement conference. Third, and finally, Hansen and Mr. Bowen arrived late to both settlement conferences.

**DISCUSSION**

Mr. Bowen's misrepresentation that Ernie Aguilar would attend the settlement conference, and Hansen and Mr. Bowen's late arrival to both settlement conferences, although undesirable behavior, is not egregious enough to warrant sanctions. Accordingly, the Court will excuse this behavior and requests that the Plaintiffs and Mr. Bowen be more precise in the future.

As for the other issues raised in the Order to Show Cause, the Court will discuss them

individually below.

A.     Plaintiff Hansen

If a party is aware, prior to a settlement conference, of a great disparity between the plaintiff's demand and the defendant's offer, the party should notify the court. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 486 (D.Ariz. 2003). Here, the parties had agreed to return to settlement discussions on March 6, 2013, to discuss certain settlement amounts after Hansen had the opportunity to speak with his family about whether he was willing to accept such an amount. When Hansen determined that he in fact would not settle for the discussed amount, he had an obligation to inform the Court. He failed to do so.

Nevertheless, Hansen's failure to notify the Court, while inconvenient, is excusable as it appears he was unaware that the Court should have been notified of his position prior to the March 6, 2013, settlement conference. Hansen was represented by counsel who should have familiarized Hansen with the Court's policies and procedures relating to settlement conferences, but counsel failed to do so.  Accordingly, the Court finds that Hansen's belief that the beginning of the settlement conference was the proper time to inform the Court that he was unwilling to discuss settlement is excusable. The Court hereby **DISCHARGES** the order to show cause as to Plaintiff Tanner Hansen.

B.     Plaintiff LaFavre

It is imperative that all individual parties are present at settlement conferences in order to participate meaningfully in settlement discussions and hear the candid input of the neutral, disinterested judicial officer. To that end, the Court order scheduling the scheduling conference in this matter provided in relevant part that:

> **[A]ll individual parties must be present**. . . . **No exceptions are made to this requirement**.

Docket No. 182 at 2 (emphasis in original).

Parties are required to follow this Court's orders. *See, e.g.*, Local Rule IA 4-1; Fed. R. Civ. P. 16(f).  Court orders regarding court-mandated settlement conferences are no different. *See, e.g., Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 482-87 (D.Ariz. 2003).  Indeed, the Ninth Circuit has

1  expressly upheld sanctions imposed for failing to comply with orders regarding settlement
2  conferences. *See, e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769
3  (9th Cir. 2001); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993).

4        Plaintiff LaFavre did not comply with the Court's Order to attend either the January 25,
5  2013, or the March 6, 2013, settlement conferences. His excuse for January 25, 2013, was a work
6  emergency and his excuse for March 6, 2013, was an emergency dental issue that had to be taken
7  care of by his brother-in-law in Saint George, Utah, with his wife present. LaFavre claims that both
8  excuses were emergencies beyond his control.  Although it is questionable whether either excuse has
9  been explained sufficiently enough to justify LaFavre's absence, the Court will adjudicate on the side
10 of compassion and decline sanctioning LaFavre. The Court hereby **DISCHARGES** the order to
11 show cause as to Plaintiff Clark LaFavre.

12 C.    <u>Mr. Bowen</u>

13       If a party is aware, prior to a settlement conference, of a great disparity between the
14 plaintiff's demand and the defendant's offer, the party should notify the court. *Pitman,* 216 F.R.D. at
15 486.  If a party or its attorney is substantially unprepared to participate - or does not participate in
16 good faith - at the settlement conference, the Court may issue any just orders including sanctions
17 under Rule 37(b)(2)(a)(ii)-(vii). FED. R. CIV. P. 16(f)(1)(b).

18       Mr. Bowen, as an attorney and counsel in this matter, either was or should have been aware
19 of these settlement conference requirements. Mr. Bowen, Hansen, the Defendants and the Court,
20 were all aware that the purpose of the March 6, 2013, settlement conference was to discuss
21 settlement amounts after Hansen had the opportunity to discuss the amounts with his family. Hansen
22 determined he would not settle. He stated that his mom advised him to go "all or nothing" and thus
23 there was no purpose for the March 6, 2013, settlement conference. Bowen, as counsel for Hansen,
24 was aware of this situation prior to the March 6, 2013, settlement conference, but never conveyed
25 that information to the Court or the Defendants. Thus, Mr. Bowen could not have been prepared to
26 participate in good faith, because he knew his client would not settle the case before the settlement
27 conference even began.

28       Additionally, Bowen knew his state-court litigation strategy made settlement discussions on

March 6, 2013, pointless. The day before the settlement conference, Bowen filed motion in the corresponding state-court case which could remove the assignment that gives the Plaintiffs standing in this case. That motion was not accepted until March 6, 2013, and the Defendants had not been made aware of the motion until the settlement conference already began. Mr. Bowen has since requested this case be stayed due to his state-court motion, indicating he is well aware that it hinders the ability for this case to proceed. Bowen's failure to inform the Court or the opposing party of his motion prior to the settlement conference indicates he did not participate in good faith.[1] Consequently, the settlement conference occurred, even though Mr. Bowen knew settlement was impossible, costing both the Court and the Defendant their time.

Bowen's contention that the Defendants filed similar motions on the eve of the January 25, 2013, settlement conference is disingenuous. The Defendants' motions were filed in accordance with Court-ordered deadlines and thus Bowen had every reason to expect such filings. Additionally, the Defendants' motions did not foreclose settlement discussions, as Mr. Bowen's motion clearly did.

D.    Sanctions

Fed.R.Civ.P. 16(f) further that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) **is substantially unprepared to participate in good faith—in the conference**; or (C) fails to obey a scheduling or other pretrial order." Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii)(emphasis added). Rule 16(f)(2) provides that instead of or in addition to any other sanction, the court may order the offending party, its attorney, or both to pay the other party's reasonable expenses, including attorney's fees, incurred because of any noncompliance with Rule 16, unless the noncompliance was substantially justified or other circumstances makes an award of expenses unjust.

---

[1] In the Response to the Order to Show Cause (#198), Mr. Bowen implies that the Court was aware of the state-court motion and its potential repercussions. This is incorrect. At the January 25, 2013, settlement conference, Bowen indicated that he would be filing a motion in the state-court action within a week of January 25, 2013, which would likely impact settlement discussions. He did not indicate that the motion would prohibit settlement discussions nor that he would wait until March to file the motion.

    The Court may award any "just" sanctions under Rule 16(f) and "any and all appropriate" sanctions under Local Rule IA 4-1. In determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures. *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, (E.D. Cal. 1999).

    The Court finds that Mr. Bowen did not attend the conference in good faith because he was aware prior to the conference that settlement was impossible and made no effort to inform the Court or the Defendants prior to the conference. The Court finds that Mr. Bowen shall be sanctioned personally in the amount of the reasonable costs and fees incurred by the Defendant as a result of the March 6, 2013, settlement conference.

## CONCLUSION

    For the reasons discussed above, the Court hereby **DISCHARGES** the order to show cause as to the Plaintiffs Tanner Hansen and Clark LaFavre and **SANCTIONS** Mr. Bowen personally, pursuant to Fed. R. Civ. P. Rule 16(f), in the amount of Defendants reasonable costs and attorney's fees incurred in preparing for and attending the March 6, 2013, settlement conference.

    IT IS FURTHER ORDERED that the Defendants are to submit to the Court an affidavit of costs and fees incurred as a result of the March 6, 2013, settlement conference by April 17, 2012;

    IT IS FURTHER ORDERED that Responses to the Defendants' Affidavit must be submitted to the Court by May 1, 2012.

DATED: April 3, 2013

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**