UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN TANNER HANSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 2:10-cv-01434-MMD-NJK<br><br>ORDER<br><br>(Def.'s Motion to Re-Open the Timeframe for Dispositive Motions – dkt. no. 186) |

## I. INTRODUCTION

Before the Court is Defendant State Farm Fire's ("SFF") Motion to Re-Open the Timeframe for Dispositive Motions. (Dkt. no. 186.) For the reasons discussed below, Defendant's Motion is granted.

## II. BACKGROUND

SFF filed its Motion for Summary Judgment on Claims Assigned by Brad Aguilar on August 26, 2011. (Dkt. no. 20.) Judge Dawson granted its Motion on March 23, 2012 ("March 23 Order"). (Dkt. no. 101.) SFF filed its Motion for Summary Judgment on Claims Assigned by Ernest Aguilar on March 30, 2012. (Dkt. no. 102.)

The dispositive motion cut-off date was April 2, 2012. (Dkt. no. 25.) On September 20, 2012, Plaintiffs filed a Motion to Alter, Amend, Set Aside, Reconsider, and/or Provide Relief from the March 23, 2012, Order ("Motion for Reconsideration"). (Dkt. no. 153.) On December 12, 2012, this Court decided SFF's Motion for Reconsideration as well as its

Motion for Summary Judgment on Claims Assigned by Ernest Aguilar. (Dkt. no. 177.) Regarding the Motion for Reconsideration, this Court held that:

> [T]o the extent that the parties understood the Court's [March 23, 2012] Order as dismissing all claims against SFF assigned to Plaintiffs by Brad Aguilar, Plaintiffs' Motion for Reconsideration is granted. The Court should not have granted summary judgment on those claims because SFF did not address those claims in its Motion and the Order does not address those claims.

(*Id.* at 16.) In addressing SFF's Motion for Summary Judgment on Claims Assigned by Ernest Aguilar, this Court likewise held that "the Court construes this Motion as a Motion for Partial Summary Judgment, and the claims not addressed in Defendant's Motion remain." (*Id.* at 18.)

Following this Court's December 12, 2012, Order, two claims remain against SFF assigned by both Brad and Ernest Aguilar: (1) violation of Nevada's Unfair Claims Practices Act ("UIPA"); and (2) misrepresentation. SFF moves for permission to file motions for partial summary judgment on these remaining claims. (Dkt. no. 186 at 6.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) provides that the Court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership* set forth a four-part balancing test for considering whether there has been "excusable neglect": (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. 507 US. 380, 395 (1993). While *Pioneer* involved the Federal Rule of Bankruptcy Procedure 9006(b)(1), the Court made clear that the test would also apply to Fed. R. Civ. P. 6(b)(1)(B). *Id.* at 391–92, 395; *see also Marlo v. United Parcel Serv.*, 453 F. App'x 682, 684 (9th Cir. 2011). The weighing of *Pioneer*'s equitable factors is within the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

## IV. DISCUSSION

SFF argues that its failure to move for summary judgment on the remaining claims against it was excusable neglect because it reasonably believed that its motions for summary judgment would dispose of all claims against it. (Dkt. no. 186 at 11.) This belief, SFF continues, was reinforced by Judge Dawson's March 23, 2012, Order. The Court agrees that the March 23, 2012, Order was not clear, demonstrated by Plaintiffs' Motion for Reconsideration (dkt. no. 153) and this Court's subsequent order granting in part Plaintiffs' Motion for Reconsideration (dkt. no. 177). As a result, SFF's error was excusable neglect.

Additionally, SFF argues that the delay in this case was reasonable given that Plaintiffs did not file their Motion for Reconsideration until approximately six months after both the dispositive motion cut-off and the March 23 Order. Indeed, SFF filed the instant motion approximately six weeks after this Court's order granting Plaintiffs' Motion for Reconsideration in part. The Court agrees that SFF did not cause undue delay.

The Court concludes that SFF has demonstrated good cause for re-opening the dispositive motions timeframe.

## V. CONCLUSION

It is therefore ordered that Defendant State Farm Fire's Motion to Re-Open the Timeframe for Dispositive Motions (dkt. no. 186) is granted. State Farm Fire is directed to file its two motions for summary judgment attached as exhibits A and B to the Motion upon entry of this Order.

DATED THIS 8th day of November 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE