1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

9

STEPHEN TANNER HANSEN, et al.,

Case No. 2:10-cv-01434-MMD-NJK

10

Plaintiffs,

11

v.

ORDER

12

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

(Def.'s Motion to Re-Open the Timeframe
for Dispositive Motions – dkt. no. 186)

13

14

Defendants.

15

16    **I.    INTRODUCTION**

17         Before the Court is Defendant State Farm Fire's ("SFF") Motion to Re-Open the

18    Timeframe for Dispositive Motions. (Dkt. no. 186.) For the reasons discussed below,

19    Defendant's Motion is granted.

20    **II.    BACKGROUND**

21         SFF filed its Motion for Summary Judgment on Claims Assigned by Brad Aguilar

22    on August 26, 2011. (Dkt. no. 20.) Judge Dawson granted its Motion on March 23, 2012

23    ("March 23 Order"). (Dkt. no. 101.) SFF filed its Motion for Summary Judgment on

24    Claims Assigned by Ernest Aguilar on March 30, 2012. (Dkt. no. 102.)

25         The dispositive motion cut-off date was April 2, 2012. (Dkt. no. 25.) On September

26    20, 2012, Plaintiffs filed a Motion to Alter, Amend, Set Aside, Reconsider, and/or Provide

27    Relief from the March 23, 2012, Order ("Motion for Reconsideration"). (Dkt. no. 153.) On

28    December 12, 2012, this Court decided SFF's Motion for Reconsideration as well as its

1   Motion for Summary Judgment on Claims Assigned by Ernest Aguilar. (Dkt. no. 177.)

2   Regarding the Motion for Reconsideration, this Court held that:

> [T]o the extent that the parties understood the Court's [March 23, 2012]
> Order as dismissing all claims against SFF assigned to Plaintiffs by Brad
> Aguilar, Plaintiffs' Motion for Reconsideration is granted. The Court should
> not have granted summary judgment on those claims because SFF did not
> address those claims in its Motion and the Order does not address those
> claims.

7   (Id. at 16.) In addressing SFF's Motion for Summary Judgment on Claims Assigned by

8   Ernest Aguilar, this Court likewise held that "the Court construes this Motion as a Motion

9   for Partial Summary Judgment, and the claims not addressed in Defendant's Motion

10  remain." (Id. at 18.)

11        Following this Court's December 12, 2012, Order, two claims remain against SFF

12  assigned by both Brad and Ernest Aguilar: (1) violation of Nevada's Unfair Claims

13  Practices Act ("UIPA"); and (2) misrepresentation. SFF moves for permission to file

14  motions for partial summary judgment on these remaining claims. (Dkt. no. 186 at 6.)

15  **III.    LEGAL STANDARD**

16        Federal Rule of Civil Procedure 6(b)(1)(B) provides that the Court may, for good

17  cause, extend the time "on motion made after the time has expired if the party failed to

18  act because of excusable neglect." *Pioneer Investment Services Co. v. Brunswick*

19  *Associates Limited Partnership* set forth a four-part balancing test for considering

20  whether there has been "excusable neglect": (1) the danger of prejudice to the non-

21  moving party; (2) the length of the delay and its potential impact on judicial proceedings;

22  (3) the reason for the delay, including whether it was within the reasonable control of the

23  movant; and (4) whether the movant acted in good faith. 507 US. 380, 395 (1993). While

24  *Pioneer* involved the Federal Rule of Bankruptcy Procedure 9006(b)(1), the Court made

25  clear that the test would also apply to Fed. R. Civ. P. 6(b)(1)(B). *Id.* at 391–92, 395; *see*

26  *also Marlo v. United Parcel Serv.*, 453 F. App'x 682, 684 (9th Cir. 2011). The weighing of

27  *Pioneer*'s equitable factors is within the discretion of the district court. *Pincay v.*

28  *Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

IV.   **DISCUSSION**

SFF argues that its failure to move for summary judgment on the remaining claims against it was excusable neglect because it reasonably believed that its motions for summary judgment would dispose of all claims against it. (Dkt. no. 186 at 11.) This belief, SFF continues, was reinforced by Judge Dawson's March 23, 2012, Order. The Court agrees that the March 23, 2012, Order was not clear, demonstrated by Plaintiffs' Motion for Reconsideration (dkt. no. 153) and this Court's subsequent order granting in part Plaintiffs' Motion for Reconsideration (dkt. no. 177). As a result, SFF's error was excusable neglect.

Additionally, SFF argues that the delay in this case was reasonable given that Plaintiffs did not file their Motion for Reconsideration until approximately six months after both the dispositive motion cut-off and the March 23 Order. Indeed, SFF filed the instant motion approximately six weeks after this Court's order granting Plaintiffs' Motion for Reconsideration in part. The Court agrees that SFF did not cause undue delay.

The Court concludes that SFF has demonstrated good cause for re-opening the dispositive motions timeframe.

V.   **CONCLUSION**

It is therefore ordered that Defendant State Farm Fire's Motion to Re-Open the Timeframe for Dispositive Motions (dkt. no. 186) is granted. State Farm Fire is directed to file its two motions for summary judgment attached as exhibits A and B to the Motion upon entry of this Order.

DATED THIS 8th day of November 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE