UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN TANNER HANSEN, et al., | Case No. 2:10-cv-01434-MMD-NJK |
| Plaintiffs, | |
| v. | ORDER |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., | (Def.'s Motion for Reconsideration – dkt. no. 183) |
| Defendants. | |

I.   **SUMMARY**

Before the Court is Defendant State Farm Auto's ("SFA") Motion for Reconsideration of Order Denying its Motion for Summary Judgment or, in the Alternative, to Certify Question to the Nevada Supreme Court, or, Alternatively, Motion to Amend and Certify Order for Interlocutory Review. (Dkt. no. 183.) For the reasons described below, the Motion is denied in part and granted in part.

II.   **BACKGROUND**

The relevant facts are set forth in the Court's previous Order ("Summary Judgment Order") upon which SFA now seeks relief. (Dkt. no. 176.) In that Order, the Court denied SFA's Motion for Summary Judgment. SFA asks this Court to reconsider its Summary Judgment Order. In the alternative, SFA moves to certify a question to the Nevada Supreme Court or to amend and certify the Order denying its MSJ for interlocutory review.

III.    **MOTION FOR RECONSIDERATION**

    A.    **Legal Standard**

        Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

        Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

        A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the

proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## B.   Discussion

SFA makes four primary arguments in its Motion: (1) the *Cumis* requirement is inconsistent with Nevada law; (2) even if *Cumis* counsel is now considered by this Court to be required, it was not required at the time of the alleged misconduct and thus SFA should not be held retroactively culpable; (3) even if the *Cumis* requirement is applied retroactively, the Insureds' prior breach of the cooperation clause negated SFA's duties; and (4) any failure to provide independent counsel was cured prior to the Insureds' breach of the policy conditions.

Prior to its ruling on SFA's Motion for Summary Judgment (dkt. no. 40), the Court ordered the parties to submit supplemental briefing on the *Cumis* requirement, its applicability in Nevada, and, if Nevada does impose a *Cumis* requirement, its impact on the instant case. (Dkt. no. 163.) After both parties filed their supplemental briefs, the Court issued its order denying SFA's Motion for Summary Judgment. (Dkt. no. 176.) The Court, therefore, has already carefully considered the applicability of the *Cumis* standard to the instant case under existing precedent and given both parties an opportunity to present their arguments. SFA's Motion for Reconsideration relies on neither newly discovered facts nor intervening case law. Instead, SFA seeks to reargue an issue already properly decided. The Court therefore declines to reconsider its Summary Judgment Order.

## IV.   MOTION TO CERTIFY A QUESTION TO THE SUPREME COURT OF NEVADA

In the alternative, SFA requests that this Court certify a number of questions to the Nevada Supreme Court relating to the *Cumis* requirement.

///

///

A.    **Legal Standard**

This Court may certify questions to the Nevada Supreme Court if proceedings before this Court raise "questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5(a). Certification is not obligatory but is within the sound discretion of the certifying court. *Lehman Bros v. Schein*, 416 U.S. 386, 390-91 (1974). "[W]hen a federal court confronts an issue of state law which the state's highest court has not addressed, the federal court's task typically is to predict how the state's highest court would decide the issue." *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1225 (D. Nev. 2008). In making its determination about whether certification is necessary, the certifying court should consider "whether the state law question presents a significant question of important state public policy, whether the issue involved has broad application, whether law from other states is instructive, the state court's case load, and comity and federalism concerns." *Id.* at 1226 (*citing Kremen v. Cohen*, 325 F.3d 1035, 1037-38 (9th Cir. 2003)). The certifying court may also consider "the timing of the certification, and whether certification will achieve savings to time, money, and resources . . . ." *Id.* at 1226 (*citing Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)).

B.    **Discussion**

While the logic of the Nevada Supreme Court's decision in *Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court ex. rel.*, 152 P.3d 737, 742-43 (Nev. 2007) is in accord with the reasoning underlying *Cumis*, Defendant is correct that the Nevada Supreme Court has not expressly adopted or applied the *Cumis* holding. It is also clear that Nevada's application of the *Cumis* standard is determinative in this case and would have broad application beyond this case. While a majority of courts adopt the *Cumis* requirement and their decisions are instructive, the Court nevertheless finds the question of whether independent *Cumis* counsel should be appointed is a question of state law

1    that should be determined in the first instance by the Nevada Supreme Court.

2    Certification will result in further delays, particularly given the current stay in this case,

3    granted in light of the proceedings in state court. (Dkt. no. 221.) However, the parties do

4    not appear to be discouraged by further delays[1] and the Court notes that certification

5    may ultimately result in time savings and lead to a final disposition of the case on its

6    merits.

7         This Court, therefore, certifies to the Nevada Supreme Court the following

8    questions:

9         **(1)** Does Nevada law require an insurer to provide independent counsel for its

10        insured when a conflict of interest arises between the insurer and the insured?

11        **(2)** If yes, would the Nevada Supreme Court find that a reservation of rights letter

12        creates a *per se* conflict of interest?

13        The Court recognizes that the Nevada Supreme Court may rephrase the

14   questions as it deems necessary. *Palmer v. Pioneer Inn Assocs. Ltd.*, 59 P.3d 1237,

15   1238 (Nev. 2002).

16   **V.    MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW**

17        This Court holds that certifying the above questions to the Nevada Supreme Court

18   would lead to the most efficient resolution of this matter. For the purposes of judicial

19   economy, this Court denies SFA's request to certify its Summary Judgment Order for

20   interlocutory review.

21   **VI.   CONCLUSION**

22        It is hereby ordered that Defendant State Farm Auto's Motion for Reconsideration

23   (dkt. no. 183) is denied in part and granted in part. This Court declines to reconsider its

24   Order denying State Farm Auto's Motion for Summary Judgment (dkt. no. 176) or to

25   certify its Summary Judgment Order for interlocutory review.

26   _____

27        [1]This is evidenced by SFA seeking certification. Plaintiff has appealed the state
     court's decision to reconsider its order setting aside the stipulated judgments that
28   conferred Plaintiff standing to bring this action.  (Dkt. no. 236.)

1        It is further ordered that the following questions of law are certified to the Nevada

2 Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

3        **(1)** Does Nevada law require an insurer to provide independent counsel for its

4            insured when a conflict of interest arises between the insurer and the insured?

5        **(2)** If yes, would the Nevada Supreme Court find that a reservation of rights letter

6            creates a *per se* conflict of interest?

7 *See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of the facts

8 are referenced above but discussed primarily in the Summary Judgment Order (dkt. no.

9 176). *See* Nev. R. App. P. 5(c)(2)-(3). Because Defendant SFA is the movant in the

10 present matter, SFA is designated as Appellant, and Plaintiffs are designated as

11 Respondents. The names and addresses of counsel are as follows:

12        **Counsel for Plaintiffs/Respondents**
       Jerome R. Bowen and Sarah M. Banda

13        Bowen Law Offices
       9960 West Cheyenne Avenue, Suite 250

14        Las Vegas, NV 89129

15        **Counsel for Defendant/Appellant**
       V. Andrew Cass and Kristin E. Meredith

16        Lewis Brisbois Bisgaard & Smith LLP
       6385 S. Rainbow Boulevard, Suite 600

17        Las Vegas, NV 89118

18 *See* Nev. R. App. P. 5(c)(5).

19        It is further ordered that the Clerk of the Court shall forward a copy of this Order to

20 the Clerk of the Nevada Supreme Court under official seal of the United States District

21 Court for the District of Nevada.

22        DATED THIS 19th day of November 2013.

23

24

25                     MIRANDA M. DU
                    UNITED STATES DISTRICT JUDGE

26

27

28